| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| MARIA BEATIFICACION AMBRIZ PIEDRA, *individually and as next friend of J.B., B.B., and R.B., minor children*,<br><br>　　　　　Plaintiffs,<br><br>*versus*<br><br>CHRISTOPHER MITCHELL WEBB and SCHNEIDER NATIONAL CARRIERS, INC.,<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 1:18-CV-67<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM AND ORDER**

Pending before the court is Defendants Christopher Mitchell Webb ("Webb") and Schneider National Carriers, Inc.'s ("Schneider") (collectively, "Defendants") Motion to Consolidate (#6), wherein Defendants ask the court to consolidate the instant action with Civil Action No. 1:17-CV-389. Maria Beatificacion Ambriz Piedra ("Piedra"), individually and as next friend of J.B., B.B., and R.B., minor children (collectively, the "Piedra Plaintiffs"), do not oppose consolidation. Having considered the motion, the pleadings, and the applicable law, the court is of the opinion that the consolidation should be granted.

I.　Background

Both the instant action and Civil Action No. 1:17-CV-389 arise from the same multi-vehicle collision (the "Accident") that occurred on August 5, 2017, in Dayton, Texas, and both actions are filed against the same Defendants. Civil Action No. 1:17-CV-389 was filed by Plaintiffs Charlene Mitchell and Latarah Gates, individually and as heirs to the estate of Charles E. Gates ("Gates") (collectively, the "Gates Plaintiffs"), for damages resulting from the death of Gates. The Gates

Plaintiffs allege that Webb, on behalf of his employer, Schneider, was operating an 18-wheeler when he collied with the vehicle operated by Gates.  The Piedra Plaintiffs filed the instant action against Defendants for damages resulting from the collision of the vehicle operated by Gates and the vehicle operated by Piedra.

II.     Consolidation of Actions

Rule 42(a) of the Federal Rules of Civil Procedure provides that a trial court may consolidate actions involving common questions of law or fact, especially when doing so will avoid unnecessary cost or delay.  *See* FED. R. CIV. P. 42(a); *accord Cook v. City of Dallas*, 683 F. App'x 315, 323 (5th Cir.), *cert. denied,* 138 S. Ct. 422 (2017); *Murray v. Fid. Nat'l Fin., Inc.*, 594 F.3d 419, 422 (5th Cir. 2010); *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983), *cert. denied*, 466 U.S. 970 (1984) (citing *In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 271 (5th Cir. 1974)).  "Rule 42(a) does not require common questions of *both* law *and* fact."  *York v. Union Pac. R.R. Co.*, No. 9:07-CV-169, 2007 WL 5787485, at *2 (E.D. Tex. Nov. 19, 2007) (emphasis added).  The district court has broad discretion in determining whether consolidation is desirable under Rule 42(a).  *Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011); *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015).  Nonetheless, "[c]onsolidation is improper if it would prejudice the rights of the parties."  *St. Bernard Gen. Hosp., Inc.*, 712 F.2d at 989; *Parker*, 126 F. Supp. 3d at 835.

In deciding if consolidation is appropriate, courts consider whether:

> (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law and/or fact; (4) there is risk of prejudice or confusion if the cases are consolidated and, if so, the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; and (5) consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.

*Rimkus Consulting Grp., Inc. v. Cammarata*, No. H-07-0405, 2008 WL 5210722, at *2 (S.D. Tex. Dec. 12, 2008); *see Parker*, 126 F. Supp. 3d at 835; *Harris v. Bexar Cty.*, No. SA-08-CV-728-XR, 2009 WL 4059092, at *1 (W.D. Tex. Nov. 23, 2009).  Courts also consider whether the cases are at the same stage of preparation for trial.  *St. Bernard Gen. Hosp., Inc.*, 712 F.2d at 990.  Here, the court finds that these factors weigh in favor of consolidation.

In this situation, Civil Action No. 1:17-CV-389 is substantially related to the instant action, as each proceeding involves the same defendants, the same subject matter, and many common issues surrounding the Accident.  *See In re Dearborn Marine Serv., Inc.*, 499 F.2d at 271 (affirming district court's decision to consolidate wrongful death action and limitation petition where cases arose from same barge explosion); *Trevizo v. Cloonan*, No. P-00-CA-028, 2000 WL 33348794, at *2 (W.D. Tex. Nov. 29, 2000) (consolidating actions stemming from same disaster).

III.   Conclusion

Therefore, the court GRANTS Defendants' Motion to Consolidate (#6).  The instant action is consolidated with Civil Action No. 1:17-CV-389, which is designated as the "lead case."  The court directs the parties to file all future filings in Civil Action No. 1:17-CV-389.  The Clerk is directed to docket a copy of this order in both cases.  Civil Action No. 1:18-CV-67 is administratively closed pursuant to consolidation with Civil Action No. 1:17-CV-389.

SIGNED at Beaumont, Texas, this 29th day of March, 2018.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE